## 49503. YOUNG v. THE STATE.

BELL, Chief Judge.

The defendant, a 17-year-old high school student, was observed on the premises of the public school that he attended in the company of two other students during school hours by an assistant principal. This school official testified that as he approached them "one of the fellows jumped up and put something down, ran his hand down in his pants." The principal then took the three students to his school office and directed them to empty their pockets. Defendant complied and removed less than an ounce of marijuana from his jacket pocket, for which he was charged and convicted of a misdemeanor in the Fulton Criminal Court by the trial judge, a jury trial having been waived. A motion to suppress this evidence was denied. *Held:*

We are confronted with the issue of whether the restraints of the Fourth Amendment and the exclusionary rule has application to the relationship present here, i.e., school administrator and student. If this had been a police search there is no question that the evidence seized would have had to be suppressed, as there is no probable cause present sufficient to warrant a search of the person of the defendant.

The first question is whether a school official is a governmental agent or a private person. If the latter, then the Fourth Amendment has no application as it has been held that a search by a private person does not fall within the Fourth Amendment and the exclusionary rule. Burdeau v. McDowell, 256 U. S. 465 (41 SC 574, 65 LE 1048). This is a question of first impression in Georgia. It has, however, been the subject of recent judicial decisions in courts of other states. Some have held that a public school officer is not a governmental official subject to the restraints of the Fourth Amendment. See Mercer v. State (Tex. Civ. App.), 450 SW2d 715. Others hold that a public school official is a governmental agent. State v. Baccino (Del.), 282 A2d 869 (49 ALR3d 973).

In Georgia the public schools were created by constitutional mandate. Code Ann. § 2-6401. The public schools are governed by boards of education who are

empowered with authority to control and manage the respective school systems. Code § 32-901. All teachers, principals and other professional personnel are employed by local boards of education. Code Ann. § 32-607. Taxes are levied and expended for the support and maintenance of public schools and public education to include the salaries of the employees. Code Ann. § 2-7501. A teachers' retirement system is provided for by statute, and power to fund it by means of taxation is authorized by our Constitution. Code Ann. § 2-5502 and Code Ann. Ch. 32-29. From the foregoing constitutional provisions and the statutes, the conclusion is inescapable that a school principal or teacher is a governmental agent.

While we recognize that school authorities necessarily must have powers of control, restraint and correction over students in their charge to permit them to discharge their duties and to further the educational process, nevertheless, a student does not leave his constitutional rights at the schoolhouse door. Tinker v. Des Moines &c. School District, 393 U. S. 503 (89 SC 733, 21 LE2d 731). Some of the other states which have held that a school official is a governmental agent have approached a search of a student upon a so-called standard of "reasonable suspicion." See Annot. 49 ALR3d 978.

Recognizing that there is a problem of drug abuse among our young people and in our schools and a corresponding necessity to take action to prevent it, we cannot, in view of the Fourth Amendment, grant a school official, when acting as a governmental agent, greater rights than an ordinary policeman would have with reference to searching a student in his charge. Therefore, we hold that when a student is searched by a school official which results in criminal prosecution the student must have been afforded the Fourth Amendment rights accorded to every other citizen.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED JULY 1, 1974 — DECIDED SEPTEMBER 17, 1974 —
REHEARING DENIED OCTOBER 2, 1974 —

*Albert M. Horn, Lawrence L. Schneider,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers, Assistant Solicitors,* for appellee.